IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD THORPE,

      Plaintiff,                    No. CIV S-05-1008 FCD PAN P

    vs.

OFFICER SNOW, et al.,

      Defendants.            <u>ORDER</u>

           /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed July 15, 2005, plaintiff's complaint was dismissed with leave to file an amended complaint. After receiving two extensions of time, plaintiff filed a third request for extension of time that was filed almost one month too late. On January 6, 2006, findings and recommendations issued recommending that plaintiff's action be dismissed for plaintiff's failure to state a claim upon which relief could be granted.

        On January 23, 2006, plaintiff filed objections and a first amended complaint. Good cause appearing, the January 6, 2006 findings and recommendations will be vacated and the amended complaint will be deemed timely filed.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

1  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
2  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
3  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
4  U.S.C. § 1915A(b)(1),(2).

5  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
6  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
7  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
8  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
9  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
10 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
11 Cir. 1989); Franklin, 745 F.2d at 1227.

12 A complaint, or portion thereof, should only be dismissed for failure to state a
13 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
14 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
15 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
16 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
17 complaint under this standard, the court must accept as true the allegations of the complaint in
18 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
19 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
20 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

21 The amended complaint states a cognizable claim for relief against defendants
22 Albin, Gutierrez, Marquez, Snow, Stutts and Wuest pursuant to 42 U.S.C. § 1983 and 28 U.S.C.
23 § 1915A(b).  If the allegations of the amended complaint are proven, plaintiff has a reasonable
24 opportunity to prevail on the merits of this action.

25 However, the amended complaint states no cognizable claim against defendant
26 O'Brian.  Accordingly, the court will decline to order service of process on defendant O'Brian.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The January 6, 2006 findings and recommendations are vacated;

2. Plaintiff's January 4, 2006 motion for extension of time to amend is granted; plaintiff's January 23, 2006 amended complaint is deemed timely filed;

3. Service is appropriate for the following defendants:  Albin, Gutierrez, Marquez, Snow, Stutts and Wuest;

4. The Clerk of the Court shall send plaintiff six USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed January 23, 2006;

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

   a. The completed Notice of Submission of Documents;

   b. One completed summons;

   c. One completed USM-285 form for each defendant listed in number 1 above; and

   d. Seven copies of the endorsed amended complaint filed January 23, 2006.

6. Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED:  May 31, 2006.

UNITED STATES MAGISTRATE JUDGE

/001; thor1008.1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD THORPE,

        Plaintiff,                      No. CIV S-05-1008 FCD PAN P

     vs.

OFFICER SNOW, et al.,                 NOTICE OF SUBMISSION

        Defendants.                     OF DOCUMENTS

_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        _____ completed summons form

        _____ completed USM-285 forms

        _____ copies of the _____
                                       Amended Complaint

DATED:

                                                    _____
                                                    Plaintiff